IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN H. MADGETT and VALADIA
C. MADGETT,

    Plaintiff,

    v.

CITIGROUP, *et al.*,

    Defendants.

CIVIL ACTION FILE

NO. 1:10-CV-02796-TWT-GGB

## FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendants Litton Loan Servicing's and

Mortgage Electronic Registration Systems, Inc.'s ("Defendants'") Motion to Dismiss

Plaintiffs' Complaint. (Doc. 9.) Plaintiffs, who are representing themselves, have not

filed a response to the motion. For the reasons stated below, I recommend that

Defendants' Motion to Dismiss be granted.

I.    **Background**

In February 2001, Plaintiffs John H. and Valadia C. Madgett ("Plaintiffs")

entered into an adjustable rate mortgage loan agreement with Ameriquest Mortgage

Company ("Ameriquest") in the amount of $91,000.00. The loan was secured by a

residence at 2436 Horseshoe Bend, Marietta, Cobb County, Georgia, 30064 (the

"Property"). At some point thereafter, Plaintiffs defaulted on repayment of the loan, and the loan remains due. Litton Loan Servicing ("Litton") is the current servicer of Plaintiffs' loan.

On September 3, 2010, Plaintiffs filed a Complaint against Citigroup, Ameriquest, Litton, Lake & Associates, First Title, Mortgage Electronic Registration Systems ("MERS"), and Does 1 through 50 inclusive, in an apparent effort to prevent foreclosure of the Property. (Doc. 1.) The Complaint alleges claims for (1) declaratory relief; (2) injunctive relief; (3) "determine nature, extent, and validity of lien;" (4) contractual breach of good faith and fair dealing; (5) violations of the Truth in Lending Act ("TILA"); (6) violations of the Real Estate Settlement Procedures Act ("RESPA"); (7) rescission; (8) fraud; (9) Georgia Unfair and Deceptive Trade Practices Act ("UDTPA"); (10) breach of fiduciary duty; (11) unjust enrichment; (12) unconscionability; (13) predatory lending; (14) quiet title; and (15) lack of standing (to foreclose). Plaintiffs seek compensatory, special, general, treble, and punitive damages; attorney's fees and costs; declaratory and injunctive relief; a judgment rescinding the mortgage loan and security agreement and setting forth terms of restitution; quiet title; prejudgment interest; and equitable relief.

AO 72A
(Rev.8/82)

Defendants Ameriquest and First Title were dismissed from the case with prejudice by Consent Order on November 3, 2011. (Doc. 16.) There is no evidence of service upon Defendants Citigroup, Lake & Associates, and Does 1 through 50 inclusive, and they have not entered appearances in this action.

Defendants Litton and MERS move to dismiss the Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 9.) Plaintiffs have not filed an opposition or response to Defendants' motion. Local Rule 7.1(B) provides that "[f]ailure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa. Therefore, the motion is deemed unopposed. Welch v. Delta Air Lines, Inc., 978 F. Supp. 1133, 1148 (N.D. Ga. 1997).

## II. Standard for Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be granted. In order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47

3

(1957)); <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950-51 (2009).  While a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint.  <u>Iqbal</u>, 129 S. Ct. at 1949.  All reasonable inferences are to be made in favor of the plaintiff.  <u>Duke v. Cleland</u>, 5 F.3d 1399, 1402 (11th Cir. 1993).  Because Plaintiffs are proceeding <u>pro se</u>, their Complaint must be "liberally construed."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (<u>quoting</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Id.</u>; <u>see also</u> Fed. R. Civ. P. 8(e)("Pleadings must be construed so as to do justice").

## III.  Discussion

### A.  Personal Jurisdiction

Defendants assert that dismissal is appropriate because the Court lacks personal jurisdiction over Litton and MERS due to insufficient service of process.  Rule 4 of the Federal Rules of Civil Procedure requires that process served on a corporation must be served by delivery of a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized to receive service or by following state law where the district court is located for serving a summons.  Fed. R. Civ. P. 4(e), (h).  Personal service cannot be accomplished by use of mail, registered or otherwise.  <u>See</u>

AO 72A
(Rev.8/82)

Fed. R. Civ. P. 4(h)(1)(B); <u>Gormong v. Cleveland Elec. Co.</u>, 180 Ga. App. 481, 482 (1986), citing <u>Stallings v. Stallings</u>, 127 Ga. 464 (1907). In the absence of service in conformity with the service statute or a waiver thereof, the Court cannot obtain personal jurisdiction over the defendant. <u>Gormong</u>, 180 Ga. App. at 482.

MERS states that it has not been formally served with the summons and Complaint and only learned of the lawsuit through its counsel. A review of the docket in this action reflects that there has not been a return of service or any other proof of service upon MERS filed with the Court. Because there is no record of service of process upon MERS, the Court lacks personal jurisdiction over MERS. Accordingly, the claims against MERS must be dismissed.

Litton argues that service upon it was untimely, coming over 120 days after the Complaint was filed. However, at a hearing on February 16, 2011, the Court gave Plaintiffs additional time in which to serve the remaining defendants, including Litton. (Doc. 7.) Plaintiffs properly served Litton with process in that time frame. (<u>See</u> Doc. 8, Ex. 1.) Therefore, Litton's argument for dismissal for lack of personal jurisdiction fails.

AO 72A
(Rev.8/82)

**B.    Shotgun Complaint**

Litton argues that Plaintiffs' Complaint should be dismissed for failure to state a claim because it is a "shotgun complaint."  The Eleventh Circuit stated that shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief."  Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).  "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."  Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001), abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011).

Indeed, many portions of Plaintiffs' twenty-four page Complaint appear to be taken from a form complaint that is similar, if not identical, to others previously filed by borrowers against their lenders in this Court (and in a number of other federal district courts across the country) in an effort to forestall the foreclosure process. While I have attempted to interpret Plaintiffs' Complaint leniently, I conclude that the Complaint is frivolous and lacks any legal foundation whatsoever.  It would be a waste of limited judicial resources to delve into the voluminous allegations contained in the Complaint. Plaintiffs' formulaic allegations are replete with legal conclusions,

6

non-sequiturs, and descriptions of alleged unlawful activities taken by unidentified parties and non-parties.

Plaintiffs' minimal factual allegations are far from sufficient to support any of the federal or state claims that Plaintiffs have asserted against Litton, which is only referenced by name twice in the body of the Complaint. As such, Plaintiffs' Complaint fails to satisfy the rudimentary pleading requirements of Rule 8(a) and, with respect to Plaintiffs' fraud claims, the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs also have failed to satisfy the requirements of Rule 65 of the Federal Rules of Civil Procedure for issuance of a temporary restraining order, and they have failed to show that they have made any attempt to tender funds owed. <u>See</u> <u>Oliver v. Slack</u>, 192 Ga. 7, 7 (1941)("[A] borrower who has executed a deed to secure debt is not entitled to an injunction against the sale of the property under a power in a deed, unless he first pays or tenders to the creditor the amount admittedly due.") Additionally, Plaintiffs' TILA and RESPA claims are barred by the one-year statutes of limitations applicable to such claims. <u>See</u> 15 U.S.C. § 1640(e); 12 U.S.C. § 2614.

AO 72A
(Rev.8/82)

## III.    Conclusion

For the reasons stated above, I **RECOMMEND** that Defendants' Motion to Dismiss (Doc. 9) be **GRANTED** and that Plaintiffs' Complaint be dismissed in its entirety.

**IT IS SO RECOMMENDED**, this 9th day of November, 2011.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

8